UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

AARON GRANTON,

             Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 04-CR-706(FB)

*Appearances:*
*For the United States*:
BREON PEACE
United States Attorney
Eastern District of New York
By: MATTHEW SKURNIK
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201

*For the Defendant*:
AARON GRANTON, PRO SE
04706-748
Victorville
4-A, Cell 204 L-L
U.S. Penetentiary
P.O. Box 3900
Adelanto, CA 92301

**BLOCK, Senior District Judge:**

    Aaron Granton ("Granton") was sentenced to life plus 35 years for numerous convictions stemming from his involvement in the Cash Money Brothers gang in Brooklyn, New York during the 1990s and early 2000s. He has served approximately 18 years of his sentence. On March 13, 2023, he filed a pro se motion seeking compassionate release under 18 U.S.C. § 3582(c)(l)(A) and on May 4, 2023, he filed a motion requesting the appointment of counsel under 18 U.S.C. § 3006A. For the following reasons, Granton's motions are denied.

1

Before a district court may assess whether a defendant is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(l)(A), it must ensure that the defendant has met his or her administrative burden. This burden requires a defendant to either exhaust all administrative rights to appeal the Bureau of Prison's ("BOP") failure to bring a motion on the defendant's behalf, or to apply first to the warden of his or her facility requesting compassionate release. In that application, the defendant must include an explanation of "[t]he extraordinary and compelling circumstances that the inmate believes warrant consideration" and "[p]roposed release plans, including where the inmate will reside, [and] how the inmate will support himself." 28 C.F.R. § 571.61(a). After the lapse of 30 days from the warden's receipt of the request, the defendant may bring the claim on his or her own behalf directly in the district court. 18 U.S.C. § 3582(c)(l)(A); *see United States v. Birkett*, --F. Supp. 3d--, 2023 WL 4274683, at *2 (E.D.N.Y. June 29, 2023).

Granton attaches to his pro se motion a hand-written letter addressed to the "Warden of [United States Penitentiary,] Victorville," his facility, requesting compassionate release. In his letter, Granton identifies the extraordinary and compelling reasons he believes justify his release, though he fails to identify his proposed release plan. Also, the BOP reports that the letter was not received by the warden of the facility, and the letter itself bears no indication that it was either sent or received. Although the broad "prisoner mailbox rule"—which provides that an inmate's pro se papers are considered filed the day that they are signed and given to

prison officials to be mailed—applies to Granton's letter to the warden, the letter contains deficiencies that make it unclear whether it was ever given to prison officials to be mailed. *United States v. Resnick*, 451 F. Supp. 3d 262, 269 (S.D.N.Y. 2020). The letter appears to be dated from January 19, 2022 to January 31, 2022 instead of one specific date, and it is not signed. Granton's motion also fails to indicate whether the letter was given to prison officials to be sent. Therefore, even construing the letter liberally due to his pro se status, it is wholly unclear whether Granton in fact transmitted it to a prison official to be mailed to the warden.

Granton must satisfy his administrative burden before the court may adjudicate his motion on the merits. *See United States v. Garcia*, 460 F. Supp. 3d 403, 408 (S.D.N.Y. 2020) (explaining the contours of the administrative pleading requirements to be satisfied before a court may reach the merits of a compassionate release motion). Granton has not filed for compassionate release through the BOP's administrative remedy system, either. "[A]s a general rule, courts are required to strictly enforce statutory exhaustion requirements." *Theodoropoulos v. I.N.S.*, 358 F.3d 162, 172 (2d Cir. 2004). For this reason, Granton's motion is denied.[1]

---

[1] Although the Court may not reach the merits of Granton's motion until he satisfies his administrative burden, it would also deny his motion on the merits. At this time, a weighing of the 18 U.S.C. § 3553(a) factors would not justify his release because the nature and circumstances of Granton's offenses, which include numerous murders, warrant a lengthy sentence that reflects the seriousness of his crimes.

Granton also requests counsel under 18 U.S.C. § 3006A. He cites his inability to afford counsel, his inability to attend any potential future oral argument, his inability to access the law library at his facility due to lock downs, and the complexity of his case as the reasons he requires counsel. However, Granton merely lists conclusory reasons without support. *See Mock v. United States*, 632 F. Supp. 2d 323, 326 n.1 (S.D.N.Y. 2009) ("This Court declines to appoint counsel . . . because [petitioner's] request . . . lacks substance."). Also, as a threshold matter, Granton must demonstrate that his compassionate release motion has substance or a likelihood of success on the merits, which he has failed to do. *See United States v. Garrison*, No. 12-CR-214 (ER), 2020 WL 5253219, at *1 (S.D.N.Y. Sep. 3, 2020) (*citing Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). Therefore, his motion for counsel is also denied.

## CONCLUSION

For the foregoing reasons, the defendant's motion for compassionate release is **DENIED** and his motion to appoint counsel is **DENIED**.

**SO ORDERED.**

        _/S/ Frederic Block_____
        FREDERIC BLOCK
        Senior United States District Judge

Brooklyn, New York
July 12, 2023